United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40903
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ABURTO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-760-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Aburto appeals his sentence for (1) possessing a counterfeit social security card with intent to sell; (2) transferring a false United States identification document; and (3) possessing a false United States document-making implement with the intent that such implement would be used in the production of false United States identification documents. He argues that the district court's upward departure was an abuse of discretion. He asserts that the district court's sentence was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable, even though the Guidelines are advisory after United States v. Booker, 543 U.S. 220 (2005), because the district court relied on an impermissible factor, its subjective disagreement with the Guidelines. Aburto contends that his sentence should be vacated and that this matter should be remanded to the district court for resentencing because he was prejudiced since the court's "disagreement with the Guidelines was determinative in making its sentencing decision." He also argues that this matter should be assigned to a different judge on remand because of the district court's subjective dissatisfaction with the Guidelines.

After Booker, this court continues to review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. See United States v. Villanueva, 408 F.3d 193, 202-04 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). Upward departures are reviewed for reasonableness, which entails review of "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Zuniga-Peralta, ___ F.3d ___, No. 04-50575, 2006 WL 522459, at *1 (5th Cir. Mar. 6, 2006) (internal quotation marks and citation omitted). An upward departure is not an abuse of the district court's discretion when it (1) "advance[s] the objectives set forth in 18 U.S.C. § 3553(a)(2)"; and (2) is "justified by the facts of the case." Id. at *2 (internal quotation marks and citation omitted).

Because the district court enhanced Aburto's sentence pursuant to U.S.S.G. §§ 5K2.0 & 5K2.14, the sentence was a guideline sentence.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  "The record . . . makes abundantly clear, through the court's adoption of the PSR, its statements at sentencing, and its Statement of Reasons, the reasons for an upward departure."  Zuniga-Peralta, 2006 WL 522459, at *2.  The district court did not abuse its discretion or consider an improper factor when it upwardly departed.  Given the court's reasons for the upward departure, the extent of the departure was not unreasonable.  See United States v. Simkanin, 420 F.3d 397, 419 (5th Cir. 2005), petition for cert. filed (Jan. 25, 2006) (No. 05-948); United States v. Smith, 417 F.3d 483, 492-93 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005).

Because we affirm the district court's judgment, Aburto's argument that this matter should be assigned to a different judge on remand is moot.

Accordingly, the judgment of the district court is AFFIRMED.